Squire Patton Boggs (US) LLP
Troy M. Yoshino (SBN: 197850)
troy.yoshino@squirepb.com
Eric J. Knapp (SBN: 214352)
eric.knapp@squirepb.com
Aengus H. Carr (SBN: 240953)
aengus.carr@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:   +1 415 954 0200
Facsimile:    +1 415 393 9887

Attorneys for Defendant
Mercedes-Benz USA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Giorgio Enea, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Mercedes-Benz USA, LLC, and Daimler AG,<br><br>Defendants. | Case No.  3:18-cv-2792<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(D), 1441, 1446 & 1453 (CLASS ACTION FAIRNESS ACT)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332(d), 1441, 1446 and 1453, defendant Mercedes-Benz USA, LLC ("MBUSA") by and through its counsel of record, hereby removes to this Court the state-court action described herein.

Federal diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), because this case is a "class action" under CAFA, the CAFA diversity of citizenship requirements are fully met, and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. MBUSA states the following grounds for removal:

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

**I.  INTRODUCTION**

1. On April 6, 2018, Plaintiff Giorgio Enea filed a Class Action Complaint against MBUSA and Daimler AG in the Superior Court of California for the County of Alameda, styled *Giorgio Enea, an individual, on behalf of himself and all others similarly situated v. Mercedes-Benz USA, LLC, and Daimler AG*, No. RG18899964 ("Class Action Complaint").  At the time of filing this Notice of Removal, the case was still pending in the Superior Court of California for the County of Alameda.  *See* 28 U.S.C. § 1441(a).

2. The Class Action Complaint was served on MBUSA on April 12, 2018.

3. True and correct copies of the Class Action Complaint, Summons and all other documents as served on MBUSA in this action are attached hereto as **Exhibit A**.  *See* 28 U.S.C. § 1446(a).

4. When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, a defendant may remove the action to federal court.  28 U.S.C. § 1441(a).

5. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. section 1332 *et seq.*, and the action may be removed from the Superior Court of California for the County of Alameda to this Court pursuant to 28 U.S.C. sections 1332(d), 1446 and 1453(b), because it is a "class action" comprised of at least 100 members in the aggregate, minimal diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

**II.  THE REMOVED ACTION IS A CLASS ACTION SUBJECT TO CAFA REMOVAL**

6. This case is a "class action" as defined in 28 U.S.C. section 1332(d)(1)(B) and is therefore removable under the provisions of CAFA.  *See, e.g.*, **Exhibit A** at ¶¶ 20–28.

7. In his Class Action Complaint, Plaintiff purports to bring all causes of action "pursuant to California Code of Civil Procedure § 382 . . . ."  *Id.* at ¶ 23.  Further, the caption of Plaintiff's Class Action Complaint denotes that it is a "Class Action."  *Id.* at 1.

8. In the Class Action Complaint, Plaintiff defines the putative classes to include:

**Class 1:** All California residents who purchased or leased a Mercedes Benz vehicle in California and who have incurred actual expenses in connection with either the diagnosis or repair of the vehicle's sunroof.

**Class 2:** All California residents who currently own or lease a Mercedes Benz vehicle in California and who have not had the sunroof fully repaired.

*Id.* at ¶ 3.

9. Section 382 of the California Code of Civil Procedure authorizes actions to be brought by "one or more" persons who may "sue or defend for the benefit of all" where "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court . . . ." Thus, actions alleged under this section qualify as "class actions" for removal jurisdiction under CAFA because they "authoriz[e] an action to be brought by 1 or more representatives as a class action." *See* 28 U.S.C. § 1711(2); *Martinez v. Check 'N Go of Cal., Inc.*, No. 15-CV-1864 H (RBB), 2016 WL 6103166, at *3 (S.D. Cal. Feb. 18, 2016) (defendants properly removed case originally brought under Cal. Civ. Proc. Code § 382 as a "class action" under CAFA); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1202 (E.D. Cal. 2008) (same).

10. Accordingly, the Class Action Complaint falls within the definition of a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(8).

**A.   MBUSA and a Member of the Putative Class Are Citizens of Different States**

11. Complete diversity of citizenship exists between a member of the proposed class and at least one defendant, as required by CAFA. 28 U.S.C. § 1332(d)(2).

12. At the time this action was filed and at the time of removal, MBUSA was, and still is, a Delaware limited liability company that maintained, and still maintains, its home office and principal place of business in Georgia. *See* **Exhibit B** (Declaration of Timothy Lowery in Support of Notice of Removal of Civil Action ("Lowery Decl.")) ¶ 4.[1] MBUSA has only one member, Daimler North America Corporation ("DNAC"). DNAC is a Delaware corporation with

---

[1] The Court is authorized to consider declarations and "summary-judgment type" evidence in considering whether removal is proper. *See Lim v. Helio, LLC*, 2012 U.S. Dist. LEXIS 12871, at *4 (C.D. Cal. Feb. 2, 2012); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014) (removing defendant may rely on evidence).

its principal place of business in Michigan. *Id*. ¶ 5. Both at the time this action was commenced and at the time of the filing of the Notice of Removal, neither MBUSA nor DNAC were citizens of the State of California. *Id*. ¶ 6.

13. The members of the putative class are California residents who purchased or leased a putative class vehicle. *See* **Exhibit A** ¶ 3.

### B. The Amount in Controversy Exceeds $5,000,000

14. CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Unlike traditional review of the amount in controversy for claims asserted by individuals, in class actions, CAFA requires that claims of class members be aggregated:

> In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. [28 U.S.C. § 1332(d)(6).]

15. The amount in controversy is determined by evaluating the plaintiff's complaint and the record as a whole. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff [with evidence] or questioned by the court." *Dart Cherokee*, 135 S. Ct. at 553. If contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554. The amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability" or "proof of the amount the plaintiff will recover." *Lewis*, 627 F.3d at 400 (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

16. MBUSA denies all of Plaintiff's allegations and specifically denies that Plaintiff or any putative class members are entitled to any relief. Without prejudice to its defenses in this action, however, MBUSA avers that the amount in controversy exceeds the $5,000,000 threshold for removal jurisdiction under CAFA, 28 U.S.C. section 1332(d)(2), based on the following:

a. **Plaintiff's Damages Demands.** Plaintiff's claims are based on allegations that he and the class members are entitled to injunctive relief, compensatory damages, punitive damages, and attorneys' fees and costs. *See, e.g.*, **Exhibit A** at ¶¶ 33, 38, 45, 51.

b. **Putative Class Vehicles.** Plaintiff seeks to represent all California residents who purchased or leased a putative class vehicle. *See* **Exhibit A** ¶ 3. The putative class encompasses several different model and model year vehicles and thus easily meets CAFA's requirements, even if one believes that each putative class member would only be entitled to a small amount. Based on the information gathered so far, the putative class includes approximately 300,000 model year 2006 to 2018 vehicles. *See* Lowery Decl. ¶ 8.

c. **Cost of Repair/Replacement.** Plaintiff claims he incurred "over $2,000 in repair costs" related to his panoramic sunroof. **Exhibit A** ¶ 19. To repair or replace the sunroofs in the approximately 300,000 Class Vehicles put at issue in the Class Action Complaint, assuming as plaintiff alleges a cost of $2,000 per vehicle, it would cost over $600 million. Thus, based on the alleged cost of repair alone, CAFA's $5,000,000 amount-in-controversy requirement is easily met in this case. Indeed, even if the alleged cost of repair was only $17 rather than "over $2,000" the amount-in-controversy would be satisfied.

d. **Restitution of Sunroof Feature Price "Premium."** Plaintiff claims "[t]he Mercedes Benz car Plaintiff purchased had a sunroof for which Plaintiff paid a premium" (**Exhibit A** ¶ 16) and that "Defendants charge a premium for the inclusion of a sunroof in one of their vehicles" (*id*. ¶ 12). As a result, plaintiff demands for himself and the class "restitution, including but not limited to, the cost of the lease associated with sunroof . . . ." *Id*. ¶ 38. Assuming plaintiff's allegations are true, even a nominal "premium" for the sunroof feature of $20, would make the total amount plaintiff and the classes put in controversy over $6 million— easily satisfying CAFA's amount-in-controversy requirement.

e. **Other Amounts Sought in Plaintiff's Prayer for Relief.** Plaintiff also seeks "attorneys' fees and costs." **Exhibit A** at 12 (Prayer for Relief). Courts consider attorneys' fees and costs in establishing the amount in controversy for removal jurisdiction under the CAFA amendments. *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *accord*

1  *Haldiman v. Continental Casualty Co.*, 666 Fed. Appx. 612, 613–14 (9th Cir. Nov. 14, 2016).
2  Given the more than $600 million at issue under the repair and restitution claims alone, plaintiff's
3  counsel are likely to claim attorneys' fees and costs far in excess of the $5,000,000 jurisdictional
4  threshold.

5        f.    **The Cost of Injunctive and Other Equitable Relief.**  In addition, plaintiff
6  seeks equitable and injunctive relief as a form of remedy.  **Exhibit A** ¶ 33.  Courts have found
7  that enforcing injunctive relief will cause the company forced to do so to suffer a financial loss,
8  and thus such potential loss must be considered when determining the amount in controversy
9  under a plaintiff's complaint.  *See Keeling v. Esurance Ins. Co.*, 2011 WL 4448578, at *1 (7th
10  Cir. Sept. 26, 2011) ("The cost of prospective relief cannot be ignored in the calculation of an
11  amount in controversy."); 28 U.S.C. § 1332(d)(6).  Plaintiff requests an "injunction prohibiting
12  them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged" in the Class
13  Action Complaint.  **Exhibit A** ¶ 51.  It is clear that costs related to what plaintiff seeks will be
14  significant, in addition to the other amounts in controversy specified above.

15  **III.**    **28 U.S.C. § 1466 REQUIREMENTS**

16      17.    **Removal Is Timely.**  MBUSA was served on April 12, 2018, and timely filed this
17  Notice of Removal, within 30 days of service of the Class Action Complaint.  *See* 28 U.S.C. §
18  1446(b).

19      18.    **Removal to This Court Is Proper.**  The Class Action Complaint was filed in the
20  Superior Court of California for the County of Alameda.  This Court is part of the "district and
21  division within which such action is pending . . . ."  28 U.S.C. § 1446(a).

22      19.    **Pleadings and Process.**  Pursuant to 28 U.S.C. section 1446(a), a "copy of all
23  process, pleadings, and orders served upon" MBUSA is attached to this Notice of Removal as
24  **Exhibit A**.  MBUSA has not answered or otherwise filed a response to the Class Action
25  Complaint.  Other than the documents attached as **Exhibit A**, no other pleadings, process, orders,
26  or other papers in this case have been filed, served, or otherwise received by defendant or, to its
27  knowledge, are presently on file in the Superior Court of California for the County of Alameda.
28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

- 6 -    NOTICE OF REMOVAL

In the event that additional filings, if any, come to MBUSA's attention, it will promptly provide this Court with true and correct copies of all such papers.

20.  **Notice to All Parties and the State Court.**  Concurrent with the filing of this Notice, MBUSA gave written notice of this Notice of Removal to plaintiff's counsel of record, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Alameda.  28 U.S.C. § 1446(a), (d).

WHEREFORE, notice is given that this action is removed from the Superior Court of California for the County of Alameda, to the United States District Court for the Northern District of California, Oakland Division.

Dated:  May 11, 2018                         Squire Patton Boggs (US) LLP


By: */s/ Troy M. Yoshino*
                      Troy M. Yoshino

Attorneys for Defendant
Mercedes-Benz USA, LLC