United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIORGIO ENEA, <br><br> Plaintiff, <br><br> v. <br><br> MERCEDES-BENZ USA, LLC, et al., <br><br> Defendants. | Case No. 18-cv-02792-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 13, 14 |

Pending before the Court is a motion to dismiss filed by Defendant Mercedes-Benz USA, LLC ("MBUSA"). Dkt. No. 14. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

## I. BACKGROUND

Plaintiff Giorgio Enea brings this putative class action against MBUSA, Daimler AG, and other unnamed defendants alleging that certain MBUSA vehicles are equipped with defective sunroofs. Dkt. No. 1-1 ("Compl.") ¶¶ 5–9, 14–15. Plaintiff alleges that the MBUSA sunroofs are "prone to spontaneously explode, shatter, or crack." *Id.* ¶ 15. Plaintiff alleges that the sunroof in his own Mercedes Benz vehicle shattered while he was driving, and that he was prevented from working for several days as a result. *Id.* ¶¶ 17–18. Plaintiff further alleges that Defendants would not repair the shattered sunroof unless Plaintiff signed a release of liability, which Plaintiff refused to do. *Id.* ¶ 19.

Plaintiff alleges that "[m]ultiple Mercedes Benz drivers have complained that their sunroofs exploded, shattered, and/or cracked without warning." *Id.* ¶ 13. Plaintiff claims that the sunroofs in MBUSA vehicles "are defective in their design and manufacture, as well as for their lack of warnings," and that "Defendants at all relevant times were aware of the defects, and have

changed providers or vendors for their sunroof glass because of the problems and defects." *Id.* ¶ 15. Plaintiff brings claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), and Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"), as well as claims for breach of express warranty and breach of the implied warranty of merchantability. *Id.* ¶¶ 29–51.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard for claims that "sound in fraud." Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

2008).

**III. DISCUSSION**

**A. Defect**

MBUSA contends that each of Plaintiff's claims fails because Plaintiff has not plausibly alleged a design or manufacturing defect in the MBUSA vehicles. Dkt. No. 14 ("Mot.") at 3–5. MBUSA cites to a number of district court cases for the proposition that dismissal is appropriate where "Plaintiff does not include factual allegations that identify what aspect of the subject component design and manufacture made it defective." Dkt. No. 14 at 4 (citing *Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*, No. 13-CV-0331-GPC-KSC, 2013 WL 4401437, at *4 (S.D. Cal. Aug. 15, 2013)).

Many of the cases Defendant cites involve general allegations of defects in complex machinery. *See, e.g., Fontalvo*, 2013 WL 4401437 (dismissing claims alleging a defect in a helicopter without specifying a defective component); *DeCoteau v. FCA US LLC*, No. 215CV00020MCEEFB, 2015 WL 6951296, at *3 (E.D. Cal. Nov. 10, 2015) (noting that the court "does not necessarily expect all plaintiffs to have to 'plead the mechanical details' of a defect in order to state a claim," and that "the level of specificity required appears to directly correlate to the complexity of the machinery in question"); *Yagman v. Gen. Motors Co.*, No. CV-14-4696-MWF AGRX, 2014 WL 4177295 (C.D. Cal. Aug. 22, 2014) (dismissing claims alleging defect in an automobile engine and electrical system); *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010) (taser device); *Callaghan v. BMW of N. Am., LLC*, No. 13-CV-04794-JD, 2014 WL 6629254, at *3 (N.D. Cal. Nov. 21, 2014) (automatic transmission); *McQueen v. BMW of N. Am., LLC*, No. CIV.A. 12-6674 SRC, 2013 WL 4607353, at *1 (D.N.J. Aug. 29, 2013) (transmission); *Preston v. Am. Honda Motor Co., Inc.,* No. 2:18-cv-00038-R-JC, Dkt. No. 77 (C.D. Cal. May 24, 2018) (power steering).[1]

---

[1] The single case Defendant cites relating to a non-complex machine dismissed a products liability claim based on allegations of defects in surgical mesh plugs and patches because the allegations did not explain how the products deviated from the intended design or from other seemingly identical products. *Dilley v. C.R. Bard, Inc.*, No. 2:14-CV-01795-ODW, 2014 WL 1338877, at *3 (C.D. Cal. Apr. 3, 2014). Neither issue is present in Plaintiff's complaint.

Here, Plaintiff identifies a single component (the sunroof), and alleges that that component will spontaneously explode. Compl. ¶ 15. Given that the sunroof is a single component of the MBUSA vehicles, and the alleged defect involves a complete failure of that component, Plaintiff has plausibly alleged facts sufficient to support a defect claim.

**B. Breach of Express Warranty**

Plaintiff contends that Defendants' vehicles are backed by a New Vehicle Limited Warranty (the "Limited Warranty") that covers "defects in material or workmanship for 48-months or 50,000 miles, whichever comes first."[2] Compl. ¶ 36. Plaintiff also alleges that the MBUSA vehicles are covered by various other express warranties, because Defendants "represented and advertised that their automobiles, including sunroofs, were luxury, top-of-the line cars, built to the highest standard, and were safe for their intended use." *Id.* ¶ 14.

**i. Coverage**

Defendant notes that the Limited Warranty referenced in the complaint states that "[g]lass breakage or scratches are not covered unless positive physical proof of a manufacturing defect can be established." Dkt. No. 13-1 (Limited Warranty) at 16. Defendant contends that because Plaintiff did not present such proof when he brought his vehicle in for repairs, the repairs were not covered by the Limited Warranty. Dkt. No. 14 at 6.

The Limited Warranty does not require that "positive physical proof of a manufacturing defect" be presented at the time of repair. Dkt. No. 13-1 at 16. Rather, it covers glass breakage for which such proof "can be established." *Id.* The allegations presented in the complaint do not foreclose establishment of physical proof of a manufacturing defect, and so the Court cannot dismiss these claims based on the terms of the Limited Warranty. *See Said Elfaridi v. Mercedes-Benz USA, LLC*, No. 4:16 CV 1896 CDP, 2018 WL 4071155, at *8 (E.D. Mo. Aug. 27, 2018)

---

[2] MBUSA requests that the Court take judicial notice of portions of the warranty referenced in the complaint, and a demand letter describing the incident underlying Plaintiff's allegations. Dkt. No. 13, Ex. A, B; Compl. ¶ 36. The warranty document is referenced in the complaint, and both the warranty and the demand letter form the basis of Plaintiff's complaint. Neither is "subject to reasonable dispute," and the Court therefore **GRANTS** MBUSA's unopposed request for judicial notice with respect to these documents. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908–909 (9th Cir. 2003).

(denying motion to dismiss claim for breach of identical express warranty).

### ii. Design Defect

MBUSA contends that the Limited Warranty covers only "defects in material or workmanship," and not design defects. Dkt. No. 13-1 at 11; Dkt. No. 14 at 6. Under California law, a defect in the manufacture of a product exists if the product "deviates from the manufacturer's intended result." *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 424 (1978). "A design defect, by contrast, cannot be identified simply by comparing the injury-producing product with the manufacturer's plans or with other units of the same product line, since by definition the plans and all such units will reflect the same design." *Id.* at 429.

Plaintiffs' allegations are not limited to design defects. The complaint states that the MBUSA vehicle sunroofs "are defective in their design and manufacture, as well as for their lack of warnings." Compl. ¶ 15. The spontaneous shattering of the MBUSA sunroofs alleged by Plaintiff may be attributable to material or workmanship defects. Here, Plaintiffs have alleged sufficient facts to support a plausible claim that the transmissions differ from the product the manufacturer intended to sell in ways that could be attributable to a materials or workmanship defect. *See Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1178 (N.D. Cal. 2017) (denying motion to dismiss as to design defect claim also alleging "exploding sunroofs"). Therefore, even assuming the Limited Warranty only covers materials and workmanship defects, Plaintiffs have plausibly alleged the existence of such a defect at this stage.

### iii. Other Warranties

In addition to the Limited Warranty, Plaintiff also points in its breach of express warranty claim to "other express warranties," including various representations and advertisements. Compl. ¶¶ 14, 36. Plaintiff does not specifically identify these advertisements and/or representations, but alleges that:

> Defendants represented and advertised that their automobiles, including sunroofs, were luxury, top-of-the line cars, built to the highest standard, and were safe for their intended use. Among other things, Defendant advertises and represents that the safety first features of Mercedes-Benz 'set a standard that all automobiles eventually follow,' and that its vehicles utilize 'Intelligent Drive [which] is, essentially, the entire suite of groundbreaking driving

safety features you'll find across our entire vehicle line.

*Id.* ¶ 14.

"In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135 (Ct. App. 1986). Plaintiff has sufficiently alleged a plausible claim for breach of express warranty based on MBUSA's Limited Warranty. *See* FAC ¶ 36. However, to the extent Plaintiff's breach of express warranty claim is based on advertisements and representations outside the Limited Warranty, Plaintiff has not sufficiently alleged the specific terms of those warranties applicable to the MBUSA vehicle sunroofs. The Court therefore GRANTS with LEAVE TO AMEND Defendant's motion to dismiss Plaintiff's breach of express warranty claims as to all express warranties other than the Limited Warranty. The Court DENIES Defendant's motion to dismiss Plaintiff's breach of express warranty claim with respect to the Limited Warranty.

### C. Breach of Implied Warranty

#### i. Limitations Period

MBUSA contends that, because Plaintiff's sunroof failed more than a year after he initially leased his vehicle, Plaintiff is beyond the limitations period for a California implied warranty claim. Dkt. No. 14 at 7–8. California Civil Code § 1791.1 states:

> The duration of the implied warranty of merchantability and where present the implied warranty of fitness shall be coextensive in duration with an express warranty which accompanies the consumer goods, provided the duration of the express warranty is reasonable; but in no event shall such implied warranty have a duration of less than 60 days nor more than one year following the sale of new consumer goods to a retail buyer.

Cal. Civ. Code § 1791.1(c).

Plaintiff contends that the provision limiting the duration of an implied warranty to less than one year following sale applies "only in the event that there is no express warranty or an express warranty without a duration." Dkt. No. 17 at 11. The Court rejects Plaintiff's interpretation that the phrase "in no event" means "in the event that there is no express warranty or there is an express warranty without a duration." Under the plain meaning of the statute, an

implied warranty is limited to one year following the sale of a good. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1222 (9th Cir. 2015) ("[T]he Act contains a one-year durational limitation.").

Plaintiff contends in the alternative that Plaintiff's claim is not time barred because the underlying defect in the sunroofs existed within one year of purchase. Dkt. No. 17 at 11–12. Plaintiff cites to the California Court of Appeal's ruling in *Mexia* that the "implied warranty of merchantability may be breached by a latent defect undiscoverable at the time of sale." *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1304 (2009). The Ninth Circuit, in *Daniel v. Ford Motor Co.*, adopted the reasoning in *Mexia*: "Absent convincing evidence that the California Supreme Court would decide the issue in *Mexia* differently, its rule that § 1791.1 'does not create a deadline for discovering latent defects or for giving notice to the seller,' must be followed." *Daniel*, 806 F.3d at 1223 (internal citation omitted). The district court cases Defendant cites distinguishing *Mexia* all precede *Daniel*. *See* Dkt. No. 18 at 4–6. The Court finds no reason to distinguish *Mexia* from Plaintiff's allegations here. Plaintiff alleges that his sunroof shattered after the one-year period expired, but that the failures arose from a latent defect present during that period. Compl. ¶ 41 ("This was an inherent defect at the time of sale or leasing the Mercedes Benz vehicles."). Plaintiff thus states a plausible claim that a defect existed at the time of sale, and within the implied warranty claim period.

### ii. Fitness for Ordinary Purpose

MBUSA contends that Plaintiff's implied warranty claim fails for the additional reason that Plaintiff's car, even with the alleged defect, was fit for the ordinary purpose of providing transportation. Dkt. No. 14 at 8–9. MBUSA notes that Plaintiff drove his car for years before the sunroof shattered, and that even after the alleged incident, Plaintiff "was able to maintain control of the automobile." Dkt. No. 14 at 8 (quoting Compl. ¶ 17). MBUSA cites to *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, a case from the Central District, for the proposition that the "basic inquiry . . . is whether the vehicle was fit for driving." 992 F. Supp. 2d 962, 980 (C.D. Cal. 2014).

In response, Plaintiff cites to the California Court of Appeal case *Isip v. Mercedes-Benz USA, LLC*, which "reject[ed] the notion that merely because a vehicle provides transportation from

7

1  point A to point B, it necessarily does not violate the implied warranty of merchantability." 155
2  Cal. App. 4th 19, 27 (2007).

The Court need not dissect the holding of *Isip* here because Plaintiff alleges a defect that renders the MBUSA vehicles unfit for driving. Plaintiff alleges that the sunroofs in the MBUSA vehicles are prone to explode while the cars are in motion, causing "shards of glass [to] fall on drivers while operating the vehicle." Compl. ¶ 15. The alleged defect poses a risk for any driver on the road, and is more than sufficient to survive at the pleading stage.

**D.  CLRA Claim**

**i.  9(b) Pleading Standard**

For allegations grounded in fraud, Plaintiff's complaint "must satisfy the traditional plausibility standard of Rules 8(a) and 12(b)(6), as well as the heightened pleading requirements of Rule 9(b)." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). "To properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Id.* (internal quotation marks omitted). With regard to alleged misrepresentations, in order "[t]o avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010).

"[M]alice, intent, knowledge, and other conditions of a person['s] mind, including scienter, can be alleged generally." *United States v. Corinthian Colleges*, 655 F.3d 984, 996 (9th Cir. 2011). Still, allegations of knowledge must still satisfy the plausibility standard of Rule 8, and conclusory statements are insufficient. *See Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 WL 4967535, at *10 (N.D. Cal. Aug. 20, 2015) (applying Rule 9(b) pleading standards to CLRA claims based on misrepresentations and non-disclosures and applying Rule 8 to allegations regarding knowledge of a defect).

**ii.  Knowledge**

Plaintiff has failed to plausibly allege that Defendants had knowledge of the defects. Other

than the conclusory statement that "Defendants at all relevant times were aware of the defects," Compl. ¶ 15, Plaintiff's allegations of knowledge comprise: (1) allegations regarding other car manufacturers, *see id.* ¶¶ 11, 13 ("[A]t least three manufacturers have issued safety recalls because of their large and/or panoramic sunroofs."); (2) allegations that Defendants "have changed providers or vendors for their sunroof glass because of the problems and defects," *id.* ¶ 15; and (3) generalized allegations that MBUSA vehicle drivers have complained to Defendants about their sunroofs, *see id.* ¶ 13 ("Multiple Mercedes Benz drivers have complained that their sunroofs exploded, shattered and/or cracked without warning."). None of these sufficiently alleges knowledge.

Recalls of different sunroofs not at issue in this case are insufficient to allege Defendants' knowledge of a defect. *See Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-05452-JST, 2018 WL 2267448, at *6 (N.D. Cal. May 17, 2018) ("[Plaintiff] has cited no authority, and this Court is aware of none, holding that prior recalls of similarly designed products is, standing alone, sufficient to establish knowledge of a defect.").

Further, courts have "expressed doubt that customer complaints in and of themselves adequately support an inference that a manufacturer was aware of a defect," especially undated complaints that "provide no indication whether the manufacturer was aware of the defect *at the time of sale.*" *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012). Likewise, Plaintiff's allegations that Defendants "have changed providers or vendors for their sunroof glass because of the problems and defects," Compl. ¶ 15, do not allege knowledge during the time period relevant to the complaint. For these reasons, Plaintiff has failed to allege that Plaintiff had knowledge of any defect at the time of sale and/or the time of any alleged misrepresentations, and has therefore failed to state a plausible CLRA claim.

### iii. Misrepresentation

The complaint alleges that:

> Defendants represented and advertised that their automobiles, including sunroofs, were luxury, top-of-the line cars, built to the highest standard, and were safe for their intended use. Among other things, Defendant advertises and represents that the safety first features of Mercedes-Benz "set a standard that all automobiles

9

> eventually follow," and that its vehicles utilize "Intelligent Drive [which] is, essentially, the entire suite of groundbreaking driving safety features you'll find across our entire vehicle line."

Compl. ¶ 14; *see also id.* ¶¶ 29–34.

These allegations fail to "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false," and are therefore insufficient to state a claim for misrepresentation. *See Davidson*, 889 F.3d at 964.

### iv. Omissions

Plaintiff contends in the alternative that the complaint states a valid fraud claim based on Defendants' active concealment of material information about the sunroof from Plaintiff. Dkt. No. 17 at 9. "[F]ailures to disclose material facts are actionable under the CLRA." *Gutierrez v. Carmax Auto Superstores California*, 19 Cal. App. 5th 1234, 1258 (Ct. App. 2018), *as modified on denial of reh'g* (Feb. 22, 2018). An "omission is actionable under the CLRA if the omitted fact is (1) contrary to a [material] representation actually made by the defendant or (2) is a fact the defendant was obliged to disclose." *Id.* In the latter case, failure to disclose can constitute actionable fraud: "(1) when the defendant is the plaintiff's fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed." *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255 (2011), *as modified* (Dec. 28, 2011).

Plaintiff contends that Defendants actively concealed material facts about the sunroofs. Dkt. No. 17 at 9. Absent a fiduciary relationship, allegations of active concealment must amount to more than "mere nondisclosure." *Younan v. Equifax Inc.*, 111 Cal. App. 3d 498, 512 (Ct. App. 1980). A claim of active concealment requires allegations of "affirmative acts on the part of the defendants in hiding, concealing or covering up" the alleged defect. *Lingsch v. Savage*, 213 Cal. App. 2d 729, 734 (Ct. App. 1963).

Plaintiff's allegations are insufficient to support a claim of active concealment. Plaintiff

1 alleges simply that Defendants made false representations regarding the overall quality of the
2 MBUSA vehicles and were aware of the defects "at all relevant times." Compl. ¶¶ 14–15. These
3 allegations alone do not state a plausible claim that Defendants took affirmative action to conceal
4 the alleged defects.

####    v.    Conclusion

Because the Court finds that Plaintiff's CLRA claim does not sufficiently allege knowledge, misrepresentation, or fraud by omission, it is not necessary to determine whether Plaintiff has sufficiently pleaded reliance. For the foregoing reasons, the Court GRANTS with LEAVE TO AMEND Defendant's motion to dismiss Plaintiff's CLRA claim.

### E.    UCL Claim

Plaintiff alleges UCL claims under both the unfair competition prong and the unlawful prong of the UCL. Compl. ¶¶46–51.

####    i.    Unlawful Prong

The unlawful prong of the UCL "borrows violations of other laws and treats them as unlawful practices," and "makes [them] independently actionable." *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 950 (Ct. App. 2018) (internal quotation marks and citations omitted).

Plaintiff borrows breach of express and implied warranty claims, along with violations of the CLRA to support his claim under the unlawful prong. Compl. ¶ 49. Because the Court finds that Plaintiff has plausibly alleged a breach of implied warranty claim, the Court also finds that Plaintiff has plausibly alleged a violation of the unlawful prong of the UCL.

####    ii.    Unfair Prong

"A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006).

Plaintiff contends that Defendants engaged in unfair conduct under the UCL by "charging a premium for the sunroof feature, when the sunroof was defective." Dkt. No. 17 at 13; Compl. ¶

49. Plaintiff's claim under the unfair prong overlaps entirely with Plaintiff's CLRA claim, and due to the same deficiencies discussed above—namely, that Plaintiff has failed to sufficiently allege that Defendants had knowledge of the defects, affirmatively misrepresented the sunroofs or actively omitted material facts—Plaintiff has not plausibly pled a UCL violation under the unfair prong.

## IV. CONCLUSION

For the foregoing reasons, Defendant MBUSA's motion to dismiss is **GRANTED** with **LEAVE TO AMEND** as to Plaintiffs' claim for violation of express warranties other than the Limited Warranty, Plaintiff's CLRA claim, and Plaintiff's unfair competition UCL claim. *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) ("Under Federal Rule of Procedure 15(a)(2), leave to amend shall be freely granted when justice so requires."). MBUSA's motion is **DENIED** as to all remaining claims. Any amended complaint must be filed within 21 days of the date of this order. The Court **SETS** a case management conference for February 19, 2019 at 2:00 p.m. The parties are directed to file a case management statement, including a proposed case schedule, on or before February 12, 2019.

**IT IS SO ORDERED.**

Dated: 1/31/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

12