UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIORGIO ENEA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MERCEDES-BENZ USA, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-02792-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINES**<br><br>Re: Dkt. No. 61 |

Plaintiff Giorgio Enea moved to extend the deadlines in the Court's scheduling order. Dkt. No. 61 ("Mot."). Having carefully considered the parties' arguments, the Court denied Plaintiff's motion on November 8, 2019, Dkt. No. 64, and issues this short order explaining its reasoning for the record.

### I.　LEGAL STANDARD

Federal Rule of Civil Procedure 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992); *see also* Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment) (noting court may modify schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension"). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*; *see also Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000). Where the moving party has not been diligent, the inquiry ends, and the motion should be denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609. Whether or not to reopen discovery is in the discretion of the district court: the district court has "wide latitude in

controlling discovery." *United States v. Reliance Ins. Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986).

## II. DISCUSSION

Plaintiff filed his motion three days before discovery closed, seeking to extend the discovery deadline by approximately seven months, and the subsequent deadlines by approximately four to five months. *See generally* Mot. According to Plaintiff, this extension is necessary because MBUSA purportedly disclosed that discovery was in the possession of its parent company, Daimler AG. *Id*. at 2. Because Daimler AG is a foreign corporation, Plaintiff claims that it would take "approximately 3 months just to perfect service through the Hague Convention." *Id*. at 3.

The Court finds Plaintiff fails to show good cause to extend the deadlines in the Court's Scheduling Order. While Plaintiff tries to shift the blame onto Defendant for refusing to accept service on behalf of Daimler AG (which is not a Defendant in this action), Plaintiff never raised the possibility of seeking discovery from Daimler AG until October 25, 2019, two weeks before the discovery deadline. Dkt. No. 63-1, Declaration of Alfredo W. Amoedo ¶ 10. And Plaintiff, by his own admission, discovered that Defendant purchases replacement sunroofs "and/or their component parts from Daimler AG" on July 23, 2019. Mot. at 2. Plaintiff could have sought to subpoena Daimler AG in July, or could have raised this discovery issue with the Court at that time. Instead, he waited over three months to request an extension just three days before the discovery deadline. Plaintiff clearly was not diligent in seeking to extend the deadlines.

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to extend deadlines.

**IT IS SO ORDERED.**

Dated: 11/12/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

2